## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　Plaintiff<br><br>v.<br><br>GUSTAVO REYES-SALINAS,<br><br>　　　Defendant | 2:13-cr-00273-JAD-CWH<br><br>**Order Denying Motion for Sentence Reduction and Granting Motion for Counsel's Withdrawal**<br><br>[ECF 106, 113] |

　　　On April 28, 2015, I sentenced Gustavo Reyes-Salinas to a statutory mandatory minimum sentence of 10 years after he pled guilty to conspiring to distribute nearly seven kilograms of heroin.[1] Effective November 1, 2014, the U.S. Sentencing Commission promulgated Amendment 782, which generally revised the Drug Quantity Table and chemical quantity tables across drug and chemical types. The Commission also voted to make the amendment retroactively applicable to previously sentenced defendants.[2] Reyes-Salinas moved for a reduction to his sentence under 18 U.S.C. § 3582(c)(2) in light of Amendment 782, and I appointed Nisha Brooks-Whittington, Esq. as counsel to assist Reyes-Salinas in that pursuit.[3] Counsel now moves to withdraw because she will not be filing a motion for sentence reduction on behalf of Reyes-Salinas. I grant her motion to withdraw and deny Reyes-Salinas's motion for a sentence reduction.

### Discussion

　　　First and foremost, defendant is not entitled to a sentence reduction under Amendment 782 because he already received one. The amendment went into effect on November 1,

---

[1] ECF 93.

[2] *United States v. Navarro*, 800 F.3d 1104, 1107 (9th Cir. 2015).

[3] ECF 108.

2014—five months before Reyes-Salinas was sentenced.[4] His guideline range was calculated using the newly amended, lower base offense level, as his plea agreement expressly acknowledges.[5] Thus, Reyes-Salinas has already received the benefit of Amendment 782 and is not entitled to a further sentence reduction.

Even if Reyes-Salinas had not already received a sentence reduction under the amendment, I could not grant one now because he received a statutory mandatory minimum sentence. The Ninth Circuit held in *United States v. Paulk* that district courts have "no authority to reduce a sentence" under 18 U.S.C. § 3582(c)(2) when the defendant is sentenced to the statutory mandatory minimum and that mandatory minimum is not affected by an amendment to the Sentencing Guidelines.[6] Because Reyes-Salinas was convicted of conspiring to distribute 6.948 kilograms of heroin, the 10-year sentence he received was the mandatory minimum term of imprisonment that 21 U.S.C. § 841(b)(1)(A) prescribes for this conviction.[7] *Paulk* makes it clear that Reyes-Salinas is not eligible for a sentence reduction despite the change in the guidelines because the guideline amendment did not affect the mandatory-minimum-sentence statute that set the floor for Reyes-Salinas's sentence.[8]

## Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion for a Sentence Reduction under Amendment 782 **[ECF 106] is DENIED**;

IT IS FURTHER ORDERED that Ms. Brooks-Whittington's Motion to Withdraw as

. . .

---

[4] ECF 93 (minutes of 4/27/15 sentencing hearing), 94 (judgment).

[5] ECF 88 at 6.

[6] *United States v. Paulk*, 569 F.3d 1094, 1095 (9th Cir. 2009).

[7] *See* 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(i).

[8] *Paulk*, 569 F.3d at 1096.

Attorney **[ECF 113] is GRANTED**.

Dated March 8, 2016

_____
Jennifer A. Dorsey
United States District Judge